IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KATHLEEN McNALLY, | ) | CIV. NO. 09-00363 SOM/KSC |
| Plaintiff, | ) | |
| | ) | ORDER DENYING "MOTION FOR NEW TRIAL" |
| vs. | ) | |
| UNIVERSITY OF HAWAII; et al. | ) | |
| Defendants. | ) | |

ORDER DENYING "MOTION FOR NEW TRIAL"

On January 28, 2011, this court denied Plaintiff Kathleen McNally's motion to continue the hearing on Defendants' motions for summary judgment and granted those motions for summary judgment. Judgment was entered that same day.

On February 7, 2011, McNally filed a "Motion for New Trial." McNally seeks reconsideration of the court's denial of her request to continue the hearing to allow her to take depositions and asks the court to vacate the order and judgment so that she can take that discovery. McNally's request is denied.

To the extent McNally is seeking a continuance under Local Rule 60.1, governing motions for reconsideration of interlocutory orders, McNally must establish either (a) the discovery of new material facts not previously available; (b) an intervening change in law; or (c) manifest error of law or fact. In essence, McNally argues that reconsideration of her

requests to continue the hearing is proper because she did not provide the court with all of the pertinent facts when she originally made the requests.  McNally now appears to recognize that she should have previously provided the court with evidence concerning her attempts to schedule various depositions.  That information was certainly available to McNally at the time she submitted her motion.  McNally may not rely on this so-called "new evidence" to seek reconsideration of the order denying her motion to continue the hearing. See Engelhard Indus., Inc. v. Research Instr. Corp., 324 F.2d 347, 352 (9th Cir. 1963) (to support a motion for reconsideration based on new evidence, a party must show not only that the evidence was newly discovered or unknown until after the hearing on the motion, but also that the evidence could not with reasonable diligence have been discovered and produced at the hearing).

Even if the court were to examine the "new evidence," the court would not reconsider its denial of the requested continuance for the reasons set forth in the order.  The court is still not convinced that McNally diligently pursued discovery.  More importantly, McNally has still failed to identify any expected deposition testimony that would have been essential to resist the summary judgment motions. See Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1130 (9th Cir. 2004) (citation omitted); accord Moss v.

2

U.S. Secret Serv., 572 F.3d 962, 966 n.3 (9th Cir. 2009). In other words, McNally says that she wants to take depositions, but does not say why those depositions would have been necessary to oppose the motions for summary judgment.

McNally fares no better if the court considers her "Motion for New Trial" under Rule 59(e)[1] or Rule 60(b)[2] of the Federal Rules of Civil Procedure. To succeed on such a motion, McNally "must demonstrate some reason why the court should reconsider its prior decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Stein v. State Farm Mut. Auto. Ins. Co., 934 F. Supp. 1171, 1173 (D. Haw. 1996). McNally fails to do so by arguing that this court should now consider evidence that she

---

[1]Rule 59(e) allows a party to seek alteration or amendment of a judgment. Under Rule 59(e), reconsideration is appropriate when "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010).

[2]To justify reconsideration under Rule 60(b), the moving party must show: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

could have easily submitted along with her original motion to continue.

The court notes that, in conjunction with her "Motion for New Trial," McNally submits her own, twenty-page "Amended Declaration." See ECF No. 108-2. Through this declaration, McNally appears to be trying to submit further factual evidence in opposition to the motions for summary judgment. This is not allowed. See Local Rule 56.1(h) ("Supplemental affidavits and declarations may only be submitted with leave of court."). That declaration is stricken from the record. To allow a party to submit a new declaration tailored to address concerns the court raised in an order would be unjust. Parties cannot be allowed to attempt to raise genuine issues of fact by submitting declarations after the court has ruled on motions for summary judgment, as that would undermine the orderly motions practice, making it nearly impossible for the court to ever grant summary judgment.

For the reasons set forth above, the court denies McNally's "Motion for New Trial."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

McNally v. University of Hawaii; Civil No. 09-00363 SOM/KSC; ORDER DENYING "MOTION FOR NEW TRIAL"